In the Matter of JAMES F. HANLEY, Appellant, against JOHN F. CAROZZA et al., as Trustees of the Police Pension Fund of the City of Yonkers, Respondents. In the Matter of JAMES F. HANLEY, Appellant, against MILTON E. GOLDMAN, as Commissioner of Public Safety of the City of Yonkers, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to review the determination of the commissioner of public safety of the City of Yonkers, denying

petitioner's application for retirement for disability at three quarters of his salary, the petitioner appeals from an order granting respondent's motion to dismiss the petition as insufficient in law, and dismissing the petition with leave to serve an amended petition. In another proceeding pursuant to article 78 of the Civil Practice Act to review the determination of the board of trustees of the police pension fund of the City of Yonkers, denying petitioner's application, without a hearing, for a retirement pension based on three quarters of his salary, petitioner appeals from an order granting respondents' motion to dismiss the petition as insufficient in law, and dismissing the petition. Orders unanimously affirmed, with one bill of $10 costs and disbursements. Under the pertinent laws (Yonkers City Charter, art. XI, § 3; L. 1908, ch. 452, as amd.; Second Class Cities Law, §§ 136, 137), the commissioner of public safety of the City of Yonkers has power to retire and relieve and dismiss a member of the force who is disqualified physically or mentally " in the performance of his duties ". It is not provided that he shall retire, relieve and dismiss because of such disability as he must when members have reached specific ages or when they elect to retire after twenty-five years of service. No provision is made for applications by members for retirement by reason of mental or physical disability. Even when a charge is made that a member is not qualified or competent to perform his duties, and such charge is sustained, the commissioner is not required to dismiss the member. He may reprimand or suspend him from duty or deprvie him of pay for not more than thirty days. (Second Class Cities Law, § 137.) Consideration of the provisions of the foregoing statutes and the changes in prior statutes indicate that it was not intended that the commissioner must retire members mentally or physically disqualified. It would seem that the causes of mental and physical disability are so numerous that it was intended to leave to the commissioner the right to determine whether in a given situation he should retire a member. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.